277 So.2d 454 (1973)
Marion Allen CUPIT et al.
v.
BATON ROUGE POLICE DEPARTMENT.
No. 9327.
Court of Appeal of Louisiana, First Circuit.
April 24, 1973.
Rehearing Denied May 31, 1973.
*455 Joseph F. Keogh, City Parish Atty., and Charles Pilcher, Asst. City Parish Atty., Baton Rouge, for appellants.
Dennis R. Whalen, Baton Rouge, for appellee.
Before LOTTINGER, ELLIS and CRAIN, JJ.
ELLIS, Judge.
Plaintiffs Marion Allen Cupit and Jerry Lynn Cupit are members of the Police Department of the City of Baton Rouge. Some time after becoming policemen, they became members of a religious group, the tenets of which forbid them to shave.
Baton Rouge Police Department Regulation 305 reads as follows:
"Personal Appearance
"Every member of the department must at all times appear to be neat and clean; he must keep his clothing and equipment in proper condition. He shall be properly shaven, hair properly groomed, and be clean as to his person. Where necessity causes any uncleanliness or lack of neatness, he must avail himself of the first opportunity to remedy this condition."
Because they refused to conform with the foregoing regulation, for religious reasons, plaintiffs were dismissed from the Police Department on November 15, 1971. The dismissal was appealed to the Municipal Fire and Police Civil Service Board, which affirmed the dismissal on December 2, 1971. Thereafter, plaintiffs appealed the decision of the Board to the 19th Judicial District Court, alleging the following grounds:
"1. The religious discrimination practiced upon my clients dismissing them for wearing beards as required by their religion, The Assembly of Yaweh.
"2. The bad faith of the board in sustaining an act of religious discrimination."
The matter was heard by the district court on the record compiled before the Board, and judgment was signed setting aside the dismissal and reinstating plaintiffs as members of the Baton Rouge Police Department. From this judgment, the City of Baton Rouge has appealed.
The following excerpt from the findings of fact by the Board gives the essential facts of the case:
"Further questioning by Board members brought out that the appellants were of the belief that their religion would have to take precedence over any conflict between their religion and their duties as police officers and that they would wear beards and take Saturdays off as their Sabbath.
"After being duly sworn Chief E. O. Bauer of the Police Department then gave a detailed statement of the facts and circumstances leading up to the dismissal of the appellants. This statement was to the effect these men became members of a religious group in April, 1971, and later came to him with a request that they be allowed to take each Saturday as a holiday since their religion dictated that Saturday is the Sabbath and that it was against their religion to work in any manner on Saturday. After some shuffling of duty rosters a schedule was worked out which allowed appellants to have each Saturday off even though a hardship was imposed on other members of the force. The question of the growing of beards came up immediately *456 before the dismissal in November, 1971.
"Chief Bauer stated that one police officer had been permitted to grow a beard because of a skin rash and that some members of the force wear beards as disguises for undercover work, but that to allow any officer who meets the public to wear a beard would bring about a general deterioration in discipline throughout the entire force and that this condition could not be tolerated. The Chief further stated that the police department's first contact with the public is through the police officers, and a shabby, unshaved policeman definitely created an air of hostility on the part of anyone approached by an officer presenting that appearance, and that no member of the police force could be given each Saturday off since such would work a hardship on all other members of the force."
It is plaintiffs' position that the Constitution of the United States, particularly the First and Fourteenth Amendments, permits them freedom of religion. They assert that Regulation 305, supra, has no reasonable relationship to the efficient functioning of the Police Department, and therefore constitutes an unconstitutional restraint on their freedom to exercise their religion.
The district court noted that one other officer was permitted to grow a beard because of a skin condition. He found that, "When for reasons of physical health and well being a departmental rule is waived then likewise when spiritual health and well being so dictates the rule should be waived." He said that to do otherwise would constitute arbitrary discrimination between members of the same class, and denies to those discriminated against the equal protection of the laws.
The City argues that Regulation 305 is reasonable, and is necessary to maintenance of discipline within the Department and of the respect of the public.
It is conceded by plaintiffs that so long as the regulations of the Police Department bear a reasonable relationship to the efficient operation of the Department, the enforcement thereof would not be an unconstitutional restraint on their freedom of religion, in the event of conflict between the two. Therefore, the only question to be decided here is whether Regulation 305 bears a reasonable relationship to the efficient operation of the Department.
The only evidence in the record on that point is that of Chief Bauer, which is summarized above. Plaintiffs point to the fact that one officer had been permitted to grow a beard because of a skin condition, and argue that wearing a beard cannot prevent an officer from doing his job, is not necessary to discipline, and therefore is not reasonably related to the efficient operation of the Department.
We can find nothing unreasonable about Regulation 305. We accept Chief Bauer's opinion that to permit the wearing of beards, or varying hair styles, would operate to the detriment of discipline and public acceptance of the Department. In the absence of authority to the contrary, we can see no reason why we should substitute our judgment for that of the appointing authority as to the reasonableness or necessity for its regulations. We therefore hold that Regulation 305 does bear a reasonable relationship to the efficient operation of the Baton Rouge Police Department, and that its enforcement as to plaintiffs is not an unconstitutional restraint on their freedom to exercise the tenets of their religion.
As to the findings of the district court, we disagree that it is discriminatory to permit one officer to grow a beard because of a skin condition and not to permit others to do the same because of religious convictions. The two situations are not analogous, a skin condition being a temporary thing, and religious conviction being, it is to be hoped, permanent in nature.
The judgment appealed from is therefore reversed, and there will be judgment herein *457 in favor of defendant City of Baton Rouge and against plaintiffs, Marion Allen Cupit and Jerry Lynn Cupit, affirming the dismissal of plaintiffs by the appointing authority. All costs are to be paid by plaintiffs.
Reversed and rendered.